**Jaspal KOCHAR, Appellant,**

v.

**JONATHAN WOODNER COMPANY, Appellee.**

No. 84–496.

District of Columbia Court of Appeals.

Submitted March 6, 1985.

Decided April 16, 1985.

Bryan S. Ross, Washington, D.C., was on the brief, for appellant.

Arthur D. McKey, Washington, D.C., with whom Pamela J. Brown, Washington, D.C., was on the brief, for appellee.

Before NEBEKER and NEWMAN, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

Appellant appeals the dismissal of his complaint with prejudice for failure to comply with a court order claiming that the trial judge abused his discretion.

On August 1, 1983, appellant filed a complaint demanding $500,000 for appellee's failure to lease to him space for use as a pharmacy. Appellee filed a motion to dismiss, Super.Ct.Civ.R. 12(b)(6), alleging that the complaint does not support a claim for punitive damages. The trial court by order entered October 21, 1983, denied appellee's motion noting that "the complaint on its face does not request punitive damages."[1] The trial court also ordered:

That on or before November 22, 1983, the plaintiff file either

(1) a statement which identifies the defendant as an entity which may be sued in its own name, or

(2) An amended complaint which adds the real party(s) in interest; failing which the complaint shall stand dismissed.

On October 24, 1983, appellant filed a Motion for Leave to File an Amended Complaint, which was finally accepted for filing on January 25, 1984.[2] On February 7, 1984, appellee filed its Opposition to Plaintiff's Motion for Leave to File Amended Complaint, pointing out that appellant had failed to comply with the October 21, 1983, Order and requested that the case be dismissed with prejudice. On February 23, 1984, a second motions judge denied appellant's Motion to Amend and dismissed the complaint with prejudice. On March 8, 1984, appellant filed a Motion for Reconsideration which the motions judge denied on March 27, 1984. This appeal followed on April 13, 1984.

We must vacate the order dismissing appellant's complaint because we find that the original order upon which the dismissal was based was entered erroneously. We note that the Rule 12(b)(6) motion to dismiss which precipitated the October 21, 1983, order was made in the name of the Jonathan Woodner Company and no objection was raised in the record then, or ever, regarding the company's capacity to be sued. That being the case, we are unable to see by what authority the trial judge ordered such a showing.

*Reversed.*

---

[1] Appellee alleges that on August 1, 1983, appellant served a complaint upon it different from that filed in court, *i.e.*, one seeking only $100,000 punitive damages, and that its Super.Ct. Civ.R. 12(b)(6) motion was based upon that complaint. Appellee claims that it has "recently discovered" this discrepancy and asks this court to take judicial notice of the fact that the complaint served upon appellee is "materially different" from the true complaint filed in Superior Court. Appellee alleges that it has never been served a true copy of the complaint, in violation of Super.Ct.Civ.R. 4. Insufficiency of service of process is properly the subject of a Super.Ct. Civ.R. 12 motion made during the proceedings below, not judicial notice. We are only deciding here whether the sanction imposed upon appellant was improper.

[2] Appellant's motion was rejected and returned for failure to comply with court rules on November 16, 1983, November 30, 1983, December 14, 1983, January 5, 1984, and January 17, 1984. Appellant amended its prayer for relief to request $25,000 in compensatory damages and $100,000 in punitive damages.